# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| Melissa Miller | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| Convergent Outsourcing, Inc. | |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Lyons, MI at all times relevant to this action.

2. Defendant is a Washington Incorporation that maintained its principal place of business in Renton, WA at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

1

7.  The principal source of Defendant's revenue is debt collection.

8.  Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9.  As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly

    owed to a creditor, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing,

    has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around October 21, 2013, Plaintiff retained an attorney to file bankruptcy.

14. On or around October 24, 2013, Defendant telephoned Plaintiff in connection with the

    collection of the debt.

15. During this communication, Plaintiff notified Defendant that Plaintiff was represented by a

    bankruptcy attorney and provided Plaintiff's attorney's contact information.

16. Despite this notice, Defendant telephoned Plaintiff in connection with the collection of the

    debt on numerous occasions throughout October 27, 2013 through October 31, 2013.

17. During several of these communications, Plaintiff again notified Defendant that that Plaintiff

    was represented by a bankruptcy attorney.

18. Defendant caused Plaintiff emotional distress.

19. Defendant violated the FDCPA.

### COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

20. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be

    inconvenient for Plaintiff.

21. In support hereof, Plaintiff incorporates paragraphs 14-17 as if specifically stated herein.

<u>COUNT TWO</u>

**Violation of the Fair Debt Collection Practices Act**

22. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

23. In support hereof, Plaintiff incorporates paragraphs 14-17 as if specifically stated herein.

<u>JURY DEMAND</u>

24. Plaintiff demands a trial by jury.

<u>PRAYER FOR RELIEF</u>

25. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Law Office of Jason Blust, LLC

By:   /s/ Colin Banyon
    Colin Banyon
    211 W. Wacker Dr.
    Suite 200
    Chicago, IL 60606
    Telephone: 800.383.8180
    Email: Colin.Banyon@clientfirstbankruptcy.com
    *Attorneys for Plaintiff*